UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRI L. STEVENS,

    Plaintiff,

v.

NATIONAL LIABILITY & FIRE
INSURANCE COMPANY,

    Defendant.

Case No. 13-12920
Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING MOTIONS IN LIMINE [36, 42, 43, 44, 48]**

On June 2, 2012, Plaintiff Terri Stevens was injured in a car accident while riding in a cab. Her condition has worsened over time. She can no longer speak and has difficulty understanding others. Stevens filed this lawsuit asserting that her aphasia and cognitive decline are a result of the accident. She seeks commensurate insurance benefits from Defendant National Liability & Fire Insurance Company. National's position is that the accident did not cause Stevens' decline in health. Instead, some other condition manifested itself after the accident.

Before the Court are eight motions in limine: seven filed by Stevens and one by National. This opinion and order disposes of five of them.[1]

*One.* National asks the Court to exclude a photograph of Stevens' face from trial. (Dkt. 36.) The photograph appears to show bruising on the left side of Stevens' face. (Dkt. 46 Ex. E.) National objects on several grounds. (*See generally* Dkt. 36.) National says that the photo is not relevant because it is undated and thus could have been taken after a different accident. National also says that it is unknown where the photograph was taken and by whom. (It is unclear why the

---

[1] The other three motions in limine (Dkts. 45, 50, 51), along with two other pending motions (Dkts. 30, 41), will be addressed at the final pretrial conference set for August 31, 2015.

place where the photo is taken calls its admission into question.) National also raises the spectre that the photo has been doctored. Based on these assertions, National says that the photo should be excluded as irrelevant under Federal Rule of Evidence 401, as substantially more unfairly prejudicial than probative under Rule 403, and as not properly authenticated under Rule 901(a). For good measure, National adds that the photo is inadmissible hearsay under Rule 801.

In her response, Stevens attached an affidavit from the photographer, Zef Dedvukaj. (Dkt. 46 Ex. A, Dedvukaj Aff.) Dedvukaj avers that he is an investigator with the firm that Stevens retained, that he went to Stevens' home on July 5, 2012, and that he took the photograph at that time. (Dedvukaj Aff. ¶¶ 1, 2, 4, 9.) Dedvukaj also avers that the photo "was continuously kept in the law firm's custody and regular course of business in the collection and preservation of evidence." (Dedvukaj Aff. ¶ 12.)

The Court will deny National's motion. The Court finds that Dedvukaj's affidavit is sufficient to show that the photograph was taken about one month after the accident and so it is probative as to the extent of Stevens' injuries and thus relevant under Rule 401. Given that National's only basis for arguing that the photo is unfairly prejudicial under Rule 403 is that the photo was undated and unauthenticated (*see* Dkt. 36 at Pg ID 382), the Court finds that Dedvukaj's affidavit renders that argument moot. As for Rule 901, Dedvukaj's affidavit is sufficient evidence "to support a finding that the item is what the proponent claims it is." Finally, a photo is not a "statement" within the meaning of Rule 801(a). *See United States v. May*, 622 F.2d 1000, 1007 (9th Cir. 1980); *United States v. Armone*, 363 F.2d 385, 404 (2d Cir. 1966); *Jackson v. United Artists Theatre Circuit, Inc.*, No. 2:10-CV-0050-LDG-GWF, 2012 WL 1068082, at *2 (D. Nev. Mar. 29, 2012). And even it was, Defendant has not explained how it is

being offered for the truth of the matter asserted. The Court would also likely find that the catchall exception of Rule 807 applies.

*Two.* Stevens asks this Court to exclude medical examination reports prepared by two of National's experts, Dr. Leonard Sahn and Dr. Justin Riutta, on the basis that their reports are "hearsay and/or double hearsay." (Dkt. 42 at 1.) In its response, National informs the Court that Stevens failed to seek concurrence as required by Eastern District of Michigan Local Rule 7.1(a), and, had Stevens done so, National would have told her that it does not "intend to use [its] experts' reports at trial." (Dkt. 56 at 3.) As the dispute (if one ever existed) is now moot, Stevens' motion will be denied.

*Three.* Stevens also asks this Court to exclude any medical or legal opinion testimony by National's insurance adjusters. (Dkt. 44.) Stevens again failed to seek concurrence. (*See* Dkt. 56 at 2.) In any event, National "has no intention of letting its adjuster testify as to medical or legal subjects." (Dkt. 56 at 2.) So the dispute is again moot.

*Four.* Stevens asks this Court to preclude National's trial counsel from making improper or inflammatory statements in opening and closing arguments. (Dkt. 43.) This motion is frivolous. Stevens provides no basis for knowing what National's counsel will say in his or her opening and closing arguments. And the Court does not simply assume that officers of the court will make improper or inflammatory remarks. Quite the opposite. The Court also agrees with National that it is "insult[ing]" (Dkt. 56 at 5) for Stevens to think that National's counsel might argue that National is "innocent until proven guilty" in a civil case.

*Five.* Stevens asks the Court to exclude from trial evidence of the Social Security Administration's denial of her application for disability benefits and to exclude the introduction of the legal standard of disability under the Social Security Act. (Dkt. 48.) National does not

disagree with Stevens: it says that "it is appropriate for this Court to preclude any reference, argument, and evidence of any [social security disability or supplemental security income] determination" and that "it is appropriate for this Court to preclude the introduction of any reference, argument, and evidence that runs the risk of informing the jury of anything related to any 'disability standard' employed by the Social Security Administration." (Dkt. 56 at 6.) So Stevens' motion is again moot. With one caveat: although Stevens' motion appears to seek exclusion of only the disability determination and related legal standards, she does mention exclusion of "[t]he social security determination and *related records*." (Dkt. 48 at 2 (emphasis added).) National objects to this aspect of Stevens' motion insofar as it seeks exclusion of medical records found in Stevens' application for disability benefits. (Dkt. 56 at 7.) The Court does not now resolve this dispute and defers any objection to the introduction of the records in Stevens' social security disability file to the time of trial.

    For reasons provided, the Court DENIES the following motions in limine: National's motion to preclude photographs of Stevens' face at trial (Dkt. 36); Stevens' motion to exclude National's experts' medical examination reports (Dkt. 42); Stevens' motion to prohibit improper opening and closing arguments by National's counsel (Dkt. 43); and Stevens' motion to preclude medical and legal opinion testimony from National's insurance adjusters (Dkt. 44). The Court also DENIES Stevens' motion in limine to exclude evidence of her social security disability determination and social security disability standards (Dkt. 48), but defers ruling on the parties' dispute (if any) about the admission of medical records from Stevens' social security disability

4

file.

      SO ORDERED.

                                s/Laurie J. Michelson
                                LAURIE J. MICHELSON
                                UNITED STATES DISTRICT JUDGE

Dated: August 28, 2015


## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 28, 2015.

                                s/Jane Johnson
                                Case Manager to
                                Honorable Laurie J. Michelson